Southard J.
The objections made to this judgment, arise out of the state of demand. It states, in substance, that the plaintiff on the 23d of May 1817, was lawfully possessed of an execution granted by Jacob Miller, esq. in favour of William Youngs, against the defendant, William IAttle and James Stewart, dated 20th of June 1816, for 25 dollars, debt, and 6 dollars, 1 cent, costs ; that this execution was delivered to him as a constable of Hardwick township, in said county of Sussex; after he was thus possessed of it, the said William Little requested him to pay the amount of it to the plaintiff, Youngs, and he would repay it to him; and avers that he did pay the amount of that execution to Youngs, at the special request of Little, “ whereby the said William Youngs, agreed, the said execution should be the property of said plaintiff, Gibbs; that on the same day and year, the plaintiff was lawfully possessed of twenty-five dollars of bank notes on different banks,” and being so' possessed of them, lost the same, and “ the said execution and twenty-five dollars ” afterwards came to the hands of the defendant by finding; and then, in the usual form, states a trover and conversion. The judgment was in favour of the plaintiff, for 34 dollars, 45 cents, damages.
To this state of demand, the counsel for the plaintiff in certiorari objects, first, that it contains two grounds of claim, one in contract, the other tort; and secondly, that it is bad; because it *does not set forth any circumstan *241 ces by which the notes may be identified or distinguished from the property of the like nature.”
If uhe fact be true, the first reason is well taken; for although a count upon a contract, and in tort may sometimes be united, where the former sounds in damages for the malfeasance of the defendant in regard to the contract, and where they are so formed that the same plea may be pleaded, and the same judgment rendered on both. 2 Will. 319, &c.
Yet this cannot be done in the present instance. If there be here two counts, the first is on a simple assumpsit to pay money for a consideration stated. This cannot be joined with a count in trover, any where, but especially in the court for the trial of small causes. The additional supplement to the act, constituting that court, passed March 15, 1817, expressly requires that, in such a case, the form of action should be debt, and debt only. Bloom. 74. Pen. Rep. 83, 138, 267, 719. But the fact is not so. The state of demand does not, according to my understanding of it, contain two counts, or claims; it is a single statement of demand in trover. The first part of it, is evidently designed as mere inducement, and to shew the reason why the plaintiff claimed a right in the execution, which was not in his own name, but in that of William Youngs’. He states that it came lawfully into his possession as a constable ; that the defendant had requested him to pay it off; that he did so; and thereupon the plaintiff gave him, his right to it. And having thus shewn, as he supposed, a property in the execution, he proceeds next to shew a property in the bank notes ; after which, he lays the trover and conversion of both, in the defendant. And although his mode of getting at his object, is not very formal, technical, or skillful, it is yet sufficient, so far as regards the present objection. The state of demand does not contain matters which cannot be united.
As to the second reason. It may be proper to inquire whether this action can be maintained, under the circumstances, either for the execution or the bank bill. And 1. As to the execution. The property of a sheriff or constable, in an execution which comes legally into *242 his hands, and is lost, is sufficient to maintain this action. He has a qualified property in it, like a carrier, a bailor, or the owner of an unsatisfied bond. But this is only while the execution is undischarged and unsatisfied, and the plaintiff has not received his money. If the money be paid by the defendant, the legal operation of the writ, in the collection of the money, is at an end ; it cannot be claimed under or by virtue of that writ from another. And if the officer, as the agent of the defendant, pays it, the effect is the same. It is no longer a lien on the defendant’s property, and does not by reason of such payment, become the object of trover and conversion, in favour of the officer. So also, if an officer, without the request of the defendant, pays the money and satisfies the writ, he cannot use it, for the purpose of making the money out of the defendant’s property. He cannot even recover by suit, what he has thus paid. The execution in question, appears, by the plaintiff’s own shewing, to have been satisfied; the money had been paid to the plaintiff; its operation was at an end ; and the plaintiff had certainly no power to transfer or assign it, to the constable or any other person. Upon the face of the state of demand, therefore, it will .not support the action brought. Will the bank notes support it? If money or cash be lost or stolen, the loser cannot maintain trover to recover it; because it cannot be distinguished. But notes and bank bibs may be recovered in such an action, because the interest of the owner in them, is sufficient, and they may be distinguished by names, marks, and numbers on them. Salk. 284. These marks, names, and numbers (being the reason why they may be subject of such an action, in contradistinction to money) ought so far to appear, that the party and jury may know what they are; of what bank; their value and genuineness. And they ought to appear on the state of demand, so as to require proof of them in evidence. This is not only the safe and reasonable course, but so are the precedents. These notes, therefore, are not sufficiently described in the state of demand.
Neither the execution nor bills, as stated, will justify and support this action.
*243 The plaintiff below, has misunderstood his remedy, and seems to have taken a good deal of pains to found and bewilder himself and his rights. If he really have such a claim, as he would seem to have, from the statement he has made in the first part of his demand; if, at the request of the defendant, he have paid money for him on an execution, or otherwise ; the action of debt is his proper remedy. In such an action he needs no nominal and ineffectual transfer of the execution, by the plaintiff to him. All that he needs shew, either in the pleadings or *proof, is the payment for and the request by the defendant. This would carry him safely through and enable him to recover.
In the opinion of the whole court judgment must be reversed.